UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:17-cr-102-T-24JSS

FELIX MEJIA LAGUNAS, et al.,
_____/

**ORDER**

THIS MATTER is before the Court on the Motion to Return Property ("Motion") filed by Oscar Jose Barquin Vazquez. (Dkt. 176.) Mr. Vazquez seeks the return of a 2014 Jeep Grand Cherokee seized by the Drug Enforcement Administration ("DEA") from Defendant Jose Carlos Polanco Vazquez's residence on March 9, 2017. In response, the Government argues that Mr. Vazquez was provided reasonable notice of the administrative forfeiture proceedings concerning the vehicle, and as such, the Court lacks jurisdiction to order the Government to return the vehicle to Mr. Vazquez. (Dkt. 186.) Upon consideration, and for the reasons stated herein and by the Government in its response, Mr. Vazquez's Motion is denied.

The vehicle Mr. Vazquez seeks to recover was forfeited in a DEA administrative forfeiture proceeding. The vehicle was not ordered to be forfeited by the Court, nor is it named in the Government's Bill of Particulars. (Dkts. 45, 58, 74, 158.) Therefore, Federal Rule of Criminal Procedure 41(g) cited by Mr. Vazquez is inapplicable, as Rule 41(g) cannot be used to recover property forfeited in a civil forfeiture proceeding. *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999); *United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997).

Instead, the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983 *et seq.*, applies to Mr. Vazquez's Motion. "Section 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Mesa Valderrama v. United States*, 417

F.3d 1189, 1196 (11th Cir. 2005). The district court lacks jurisdiction to review the merits of administrative or non-judicial forfeitures under CAFRA. *Id.* Rather, the court's review is "limited to whether the agency followed the proper procedural safeguards." *Id.* Thus, the "only issue this court can consider is whether [Mr. Vazquez] received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting [his property]." *Id.*

On April 20, 2017, the DEA gave Mr. Vazquez written notice of its seizure of the vehicle and its initiation of administrative forfeiture proceedings by sending him a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings ("Notice") using United States Postal Service Certified Mail. (Dkt. 186, Ex. A.) *See* 18 U.S.C. § 983(a); 19 U.S.C. § 1607(a) (requiring notice to interested parties). In addition to informing Mr. Vazquez of the seizure and administrative forfeiture proceedings, the Notice also provided instructions and deadlines for contesting the forfeiture of the vehicle. (Dkt. 186, Ex. A.) Specifically, the Notice expressly explained that to contest the forfeiture of the vehicle in the United States District Court, Mr. Vazquez was required to file a claim with the DEA by May 25, 2017. (*Id.*) According to the Notice, "a claim is deemed filed on the date received by the agency." (*Id.*) Further, the Notice explained that although no specific claim form was required, claim forms were available at www.forfeiture.gov. (*Id.*) Mr. Vazquez obtained a Seized Asset Claim Form and filed a claim using the Seized Asset Claim Form to contest the forfeiture of the vehicle, but it was denied as untimely. (Dkt. 176 at 2; Dkt. 176, Ex. C, D.) The DEA received Mr. Vazquez's Seized Asset Claim Form on May 26, 2017, after the deadline stated in the Notice. (Dkt. 186, Ex. A at 4.) Consequently, the vehicle was administratively forfeited. *See* 19 U.S.C. § 1609 (providing that if a claimant fails to file a timely claim, the property is administratively forfeited). The DEA notified Mr. Vazquez in a letter dated June 12, 2017, that his Seized Asset Claim Form was untimely

submitted, but "as a matter of discretion," the agency would permit him to file a Petition for Remission and/or Mitigation with the DEA within twenty days of his receipt of the June 12, 2017, letter. (Dkt. 186, Ex. A at 5.) Mr. Vazquez could request that the DEA "pardon all or part of the property from the forfeiture" and contest the forfeiture of the vehicle in the Petition for Remission and/or Mitigation. (Dkt. 186, Ex. A.) Mr. Vazquez did not file a Petition for Remission and/or Mitigation.

Under the circumstances, the Court lacks jurisdiction to review the merits of the DEA's administrative forfeiture of the vehicle or to order the Government to return the vehicle to Mr. Vazquez. Mr. Vazquez received adequate notice of the DEA's administrative forfeiture proceedings and had sufficient time to contest the DEA's action summarily forfeiting his property. Mr. Vazquez failed to file a timely claim and failed to file a Petition for Remission and/or Mitigation within the additional time the agency allotted. Thus, the Court lacks jurisdiction. *See Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543 (11th Cir. 1990) (providing that federal courts lack jurisdiction to review the merits of a forfeiture decision made by the DEA).

Moreover, no exceptional circumstances exist warranting the Court's exercise of equitable jurisdiction. *See id.* at 1544–45 (explaining considerations for exercising equitable jurisdiction include "whether the petitioner's conduct and the merits of his position require judicial review to prevent manifest injustice"). Mr. Vazquez's conduct demonstrates that he received notice of the forfeiture of the vehicle, but inexplicably failed to comply with the DEA's requirements for contesting the forfeiture. Mr. Vazquez admits that he received the Notice and does not challenge the time allotted to him to file his claim. Further, as stated herein, Mr. Vazquez failed to timely file a claim and failed to file a Petition for Remission and/or Mitigation after receiving additional

time to do so. Thus, the Court lacks equitable jurisdiction to order the Government to return the vehicle to Mr. Vazquez.

Accordingly, it is **ORDERED** that Oscar Jose Barquin Vazquez's Motion to Return Property (Dkt. 176) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on March 19, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Oscar Jose Barquin Vazquez